UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE DISTRICT
COUNCIL NO. 9 PAINTING
INDUSTRY INSURANCE FUND,
TRUSTEES OF THE DISTRICT
COUNCIL NO. 9 PAINTING
INDUSTRY ANNUITY FUND, *and*
DISTRICT COUNCIL NO. 9
INTERNATIONAL UNION OF
PAINTERS AND ALLIED TRADES,
AFL-CIO,

                    Petitioners,

      *– against –*

ADEL-FIA Contracting Corp.,

                    Respondent.

**<u>OPINION & ORDER</u>**

22-cv-2890 (ER)

<u>Ramos, D.J.</u>:

    A labor union and two of its trustees—District Council No. 9 International Union of Painters and Allied Trades, AFL-CIO (the "Union"), Trustees of the District Council No. 9 Painting Industry Insurance Fund, and Trustees of the District Council No. 9 Painting Industry Annuity Fund (collectively, "Petitioners")—petition the Court to confirm an arbitration award issued in their favor and against Adel-Fia Contracting Corp. ("Adel-Fia"), an employer.  Doc. 1.  The award directed Adel-Fia to pay $1,952.16 in benefits on behalf of Union member Carlos Arteaga due to its violation of the parties' collective bargaining agreement ("CBA").  Doc. 2-1 at 3.  Petitioners invoke the Court's jurisdiction under 29 U.S.C. § 185.  Doc. 1-1 at 2.

    Before the Court is Petitioners' motion for summary judgment seeking to confirm the arbitration award.  Doc. 8.  For the reasons stated below, Petitioners' motion is GRANTED.

## I.    BACKGROUND

### A. Factual Background

The Union is a labor organization located at 45 West 14th Street, New York, New York.  Doc. 1 ¶ 2.  Both of its trustees are the fiduciaries of jointly administered, multi-employer, labor management trust funds.  *Id.* ¶ 3.  The funds are employee benefit plans and multi-employer plans within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), and they are maintained by the Union's collective bargaining agreements.  *See* 29 U.S.C. §§ 1002(37), 1145; *see also* Doc. 1 ¶ 3.

Adel-Fia is a New York corporation located at 1445 East 2nd Street, Brooklyn, New York, which has employed workers that are affiliated with Petitioners, including Carlos Arteaga.  *See* Doc. 1 ¶ 4–8.  Adel-Fia and the Union are bound to the CBA at issue in this case, which they entered into in April of 2019.  Doc. 1 ¶ 5; *see* Doc. 2-2 at 124–125 (noting duration of the agreement from May 2019 to April 2024 and containing the signatures of Union representatives and Adel-Fia's principal, Manousos Papananousakis). The CBA provides that all disputes arising from the agreement are to be arbitrated and submitted to the final, binding decisions of the Joint Trade Committee ("JTC") and/or the Joint Trade Board ("JTB").  Doc. 2-2 at 27–28 Art. XIII § 3; Doc. 1 ¶ 6.

The Union filed demands for arbitration pursuant to the CBA when Adel-Fia allegedly failed to submit benefits on behalf of a Union member, Carlos Arteaga, in violation of Article XX and Article XIII of the CBA.  Doc. 1 ¶¶ 7–8.  The JTC held a hearing on December 22, 2021, and rendered the award at issue in the instant petition on January 3, 2022.[1]  *Id.* ¶ 9; Doc. 2-1 at 2–3.  The Committee determined that Adel-Fia violated the CBA by failing to submit benefits on behalf of Arteaga for a one-week period

---

[1] The decision indicates that Manousos Papananousakis, Adel-Fia's owner and principal, attended the hearing.  Doc. 2-1 at 2–3; *see also* Doc. 2-2 at 125.  It further indicates that Mr. Papananousakis "stated that he would submit proof of payment of the benefits reported to be owed . . . ."  Doc. 2-1 at 3.  However, no proof of payment was submitted, and the Committee thereafter "deliberated and found the Employer Adel-Fia guilty" for failure to pay benefits.  *Id.*; *see also id.* n.1.

ending August 6, 2021, and it thus directed Adel-Fia to pay $1,952.16 in benefits on his behalf.[2]  Doc. 2-1 at 3; Doc. 1 ¶ 11.

### B.  Procedural History

The Union and its trustees filed the instant petition to confirm the arbitration award on April 7, 2022.  Doc. 1.  They sought confirmation pursuant to 29 U.S.C. § 185 and 9 U.S.C. § 9, in addition to costs and attorneys' fees.[3]  Doc. 1-1 at 2–6; *see also* Doc. 1 at 4.  They served Adel-Fia on April 11, 2022, through delivery of the complaint to an authorized agent in the Office of the Secretary of State.  Doc. 7.  Adel-Fia failed to answer or respond within 21 days, and Petitioners thereafter filed the motion for summary judgment now before the Court on May 20, 2022.  Doc. 8.

On October 5, 2022, the Court issued a short order noting that Adel-Fia had neither answered nor appeared in the instant action as of that date, and it ordered Petitioners to submit a status report.  Doc. 15.  Thereafter on October 13, 2022, Petitioners filed a letter advising the Court that Petitioners had not been in contact with Adel-Fia regarding the matter.  Doc. 16.

As of this date, Adel-Fia has failed to oppose the petition, respond to the motion for summary judgment, or otherwise appear in this action.

## II.   LEGAL STANDARD

### A.  Standard for Confirming Arbitration Awards

Confirmation of an arbitral award normally takes the form of a summary proceeding that converts a final arbitration award into a judgment of the Court.  *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006).  The Court is required to

---

[2] The decision indicated that Adel-Fia was directed to pay the $1,952.16 within ten days from the date of receipt of the decision.  Doc. 2-1 at 3.

[3] Petitioners requested $2,163.00 in costs and attorneys' fees with post-judgment interest.  Doc. 13 at 4.  Of that total amount, $543.00 represents costs incurred in connection with litigating the instant action, and $1,620.00 represents attorneys' fees.  *Id.*; *see generally* Doc. 13.

grant the award unless it is vacated, modified, or corrected.  *Id.* (quoting 9 U.S.C. § 9).

An application for a judicial decree confirming an award receives "streamlined treatment

as a motion, obviating the separate contract action that would usually be necessary to

enforce or tinker with an arbitral award in court."  *Hall St. Assocs., L.L.C. v. Mattel, Inc.*,

552 U.S. 576, 582 (2008).

In order to promote the goals of arbitration, which consist of "settling disputes

efficiently and avoiding long and expensive litigation," arbitration awards "are subject to

very limited review."  *Willemijn Houdstermaatschappij, BV v. Standard Microsystems

Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (internal punctuation and quotation marks omitted)

(quoting *Folkways Music Publishers, Inc. v. Weiss*, 989 F.2d 108, 111 (2d Cir. 1993)).  It

is not necessary that the arbitrator explain the rationale for the award; the award "should

be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the

case."  *D.H. Blair & Co.*, 462 F.3d at 110 (internal quotation marks omitted) (quoting

*Barbier v. Shearson Lehman Hutton Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)).  In short, as

long as there is "a barely colorable justification for the outcome reached," a court should

enforce an arbitration award—even if it disagrees with it on the merits.  *Landy Michaels

Realty Corp. v. Local 32B–32J, Serv. Employees Int'l Union*, 954 F.2d 794, 797 (2d Cir.

1992) (internal citation and quotation marks omitted).

### B.  Summary Judgment Standard

An unanswered petition to confirm an arbitration award is to be treated "as an

unopposed motion for summary judgment."  *D.H. Blair & Co.*, 462 F.3d at 110; *see also

Trs. for The Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund &

Training Program Fund v. Earth Constr. Corp.*, No. 15 Civ. 3967 (RA), 2016 WL

1064625, at *3 (S.D.N.Y. Mar. 15, 2016) (internal quotation and alterations omitted) ("A

district court should treat an unanswered petition to confirm or vacate as an unopposed

motion for summary judgment and base its judgment on the record.").  Here, the Court

has before it both an unanswered petition to confirm an arbitration award *and* Petitioners' corresponding motion for summary judgment. *See* Doc. 1; Doc. 8.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Senno v. Elmsford Union Free Sch. Dist.*, 812 F. Supp. 2d 454, 467 (S.D.N.Y. 2011) (citing *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009)). A fact is "material" if it might affect the outcome of the litigation under the governing law. *Id.*

Even if a motion for summary judgment is unopposed, courts are required to "review the motion . . . and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (internal quotation marks omitted) (quoting *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993)). "[W]hen a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001).

If the burden of proof at trial would fall on the movant, that party's "own submissions in support of the motion must entitle it to judgment as a matter of law." *Albee Tomato, Inc. v. A.B. Shalom Produce Corp.*, 155 F.3d 612, 618 (2d Cir. 1998). The Court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (internal quotation marks omitted) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)).

## III.   DISCUSSION

### A.  Confirmation of the Award

The Court has conducted a limited review of the CBA, the arbitration provisions entered into by the parties, as well as the ensuing arbitration award.  The agreement provided that the "Joint Trade Committee and Joint Trade Board shall have the authority to issue awards with respect to all grievances and disputes" pursuant to the CBA.  Doc. 2-2 at 28 Art. XIII § 3(a).  The CBA specified that any arbitration was to take place before the JTC or JTB, both of which have the authority to "issue awards with respect to all grievances and disputes in a manner which they deem reasonable."  *Id.*

The JTC held a hearing on December 22, 2021.  Doc. 2-1 at 2.  Adel-Fia's owner, Mr. Papananousakis, was in attendance.  *Id.* at 3.  The Union reported that Adel-Fia owed benefits, and Mr. Papananousakis countered that he would submit proof of payment.  *Id.* The Committee provided Adel-Fia until December 23, 2021, to submit proof of payment; however, it did not do so.  *Id.* at 3 n.1.  After it considered the evidence before it, the JTC concluded that Adel-Fia had indeed failed to pay benefits in violation of the CBA.  *Id.* at 3; *see also* Doc. 2-2 at 33–34 Art. XIII § 11 (Violation 9).

There is no indication that this decision was made arbitrarily, that it exceeded the Committee's jurisdiction under the CBA, or that it was contrary to law.  *See Trs. of New York City Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.*, No. 12 Civ. 005 (JMF), 2012 WL 3744802, at *3 (S.D.N.Y. Aug. 29, 2012) ("Where, as here, there is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law, a court must confirm the award upon the timely application of any party."); *see also Seaport Glob. Holdings LLC. v. Petaquilla Mins. Ltd.*, No. 19 Civ. 9347 (ER), 2020 WL 2747729, at *4 (S.D.N.Y. May 27, 2020).

Accordingly, the Court finds that based on the record provided, together with the appropriate narrow level of review, there is no disputed material issue of fact and the

arbitration award should be confirmed. *See Landy*, 954 F.2d at 797 ("[A]n arbitration award should be enforced . . . if there is 'a barely colorable justification for the outcome reached.'" (quoting *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 704 (2d Cir. 1978))).

### B.  Attorneys' Fees and Costs

Petitioners also seek to recover an award of attorneys' fees and costs for the instant litigation, as well as post-judgment interest. Doc. 13 at 4; *see also* Doc. 1-1 at 5–6; Doc. 1 at 4.

"Courts have routinely awarded attorneys['] fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." *Trs. of New York City Dist. Council of Carpenters Pension Fund v. Alliance Workroom Corp.*, No. 13 Civ. 5096 (KPF), 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013) (quoting *Abondolo v. H. & M.S. Meat Corp.*, No. 07 Civ. 3870 (RJS), 2008 WL 2047612, at * 4 (S.D.N.Y. May 12, 2008)) (collecting cases). In this case, Adel-Fia did not abide by the arbitration award and failed to participate in this action. Doc. 11 ¶¶ 4–13. Moreover, the Court notes that the CBA provides that Petitioners are entitled to reasonable attorneys' fees and costs. *See* Doc. 2-2 at 53 Art. XXII § 2(c) ("If the required [benefit contributions] become delinquent, in addition to the amount due as liquidated damages and interest . . . , there shall be added to the obligation of the delinquent Signatory Employer, all reasonable expenses incurred by the Trustees in the collection of any delinquency . . . including but not limited to (i) reasonable attorneys' fees . . . and (vi) court costs."). Therefore, the Court finds that an award of attorneys' fees and costs in connection with this action is merited.

The Second Circuit has held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a "presumptively reasonable fee." *See Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)

(quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)).  A "reasonable hourly rate" is a rate "in line with . . . prevailing [rates] in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation."  *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) (internal quotation marks omitted).

In this case, the hourly rate requested—$300 per hour for an attorney with eight years of experience, which is the customary rate for an associate attorney at the law firm engaged by Petitioners—is reasonable.  *See* Doc. 13 ¶ 5 (noting that the firm "has been prosecuting actions for unions under the LMRA for more than twenty (20) years"); *see also id.* ¶ 6 (stating that the requested amount is "equal to or less than the usual fee charged by attorneys for comparable services" in this Court.)  The rate is within the range of reasonable rates awarded by courts in similar cases involving attorneys with comparable experience.  *See e.g., Teamsters Local 814 Welfare Fund v. Dahill Moving & Storage Co.*, 545 F. Supp. 2d 260, 267 (E.D.N.Y. 2008) (applying S.D.N.Y. rates and awarding rates of $250 for associates and $400 for partner in petition to confirm arbitration award).  Accordingly, the Court finds that the requested hourly rate is reasonable.

Additionally, having reviewed the records supporting the requested fees, which indicate that 5.40 hours of attorney work were completed in this matter, the Court finds the requested total of $1,620.00 in attorneys' fees is reasonable.  *See* Doc. 13 ¶ 7 (listing the total hours spent on various litigation tasks and calculating the lodestar amount).  The Court also finds reasonable the requested $543.00 in costs, considering the $400.00 filing fee and the $143.00 service of process fee, which are supported by the documents submitted by Petitioners.  Doc. 13 ¶ 4; Doc. 13-1 at 2.

Accordingly, an award of $2,163.00 in attorneys' fees and costs to Petitioners is reasonable.  The Court also grants post-judgment interest pursuant to 28 U.S.C. § 1961(a).  *See Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-

judgment interest is mandatory on awards in civil cases as of the date judgment is entered."); *see also* Doc. 13 at 4.

## IV.    CONCLUSION

For the aforementioned reasons, Petitioners' motion for summary judgment is GRANTED.  The arbitration award is CONFIRMED, and the Clerk of Court is directed to enter judgment in favor of Petitioners in the amount of $1,952.16, pursuant to the JTC's award.  The Court also GRANTS Petitioners' request for attorneys' fees and costs in the amount of $2,163.00.  This judgment shall accrue post-judgment interest as mandated in 28 U.S.C. § 1961.  The Clerk of Court is respectfully directed to terminate the motion, Doc. 8, and close the case.

It is SO ORDERED.

Dated:    December 29, 2022
          New York, New York

_____
EDGARDO RAMOS, U.S.D.J.